UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABBAS ZGHAIR,

                       Plaintiff,

     v.

NANCY COLLINS, *et al.*,

                   Defendants.

Case No. C26-454-RSM-SKV

REPORT AND RECOMMENDATION

## I.     INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has not been granted leave to proceed with this action *in forma pauperis*, nor has service been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated any claim upon which relief may be granted in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b).

## II.     DISCUSSION

Plaintiff is a Washington prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. On January 30, 2026, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged causes of action arising out of his criminal prosecution in King County Superior Court. *See* Dkt. 3-1.

REPORT AND RECOMMENDATION
PAGE - 1

Specifically, Plaintiff alleged that he had been denied effective assistance of counsel, that his attorney had committed malpractice, and that he had been denied due process. *Id.* at 4-8.

The facts alleged by Plaintiff in support of his claims were not particularly clear, though decisions issued by the Washington appellate courts in Plaintiff's state court criminal proceedings provided some helpful context for the claims asserted here. *See State v. Zghair*, 4 Wash.3d 610 (2025); *State v. Zghair*, 28 Wash.App.2d 1047 (2023). These decisions revealed that Plaintiff was convicted of felony murder in the second degree in King County Superior Court, that the Washington Court of Appeals thereafter overturned the conviction upon concluding the evidence was insufficient to support the conviction, and that the Washington Supreme Court then reversed the Court of Appeals and reinstated Plaintiff's conviction. *See id.* In his civil rights complaint, Plaintiff questions why he remains confined given that his conviction was reversed due to insufficient evidence, and he suggests that his defense attorney and prosecutors have interfered with his ability to fairly and finally resolve the criminal case. *See* Dkt. 3-1 at 4-8.

Plaintiff identified as defendants in his complaint his defense attorney Nancy Collins, King County Prosecuting Attorney Leesa Manion, and Senior Deputy Prosecuting Attorney Ian Ith. Dkt. 3-1 at 3. Plaintiff requested $100 million in damages for the alleged violations of his rights, he asked that his mental health and medical expenses be paid, and he sought cancellation of the restitution and legal financial obligations imposed in his criminal case. *Id.* at 9.

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not identified cognizable claims for relief, nor had he identified viable Defendants. Thus, on March 24, 2026, the Court issued an Order directing Plaintiff to show cause why this action should not be dismissed. Dkt. 4. Plaintiff was advised in the Order to Show Cause that because his claims

REPORT AND RECOMMENDATION
PAGE - 2

challenging the conduct of his defense attorney and prosecutors in his apparently concluded criminal proceedings called into question the lawfulness of his ongoing confinement, the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] *See id.* at 2. Plaintiff was further advised that even if he had identified cognizable claims for relief, the prosecutors identified as Defendants in his complaint were entitled to immunity from liability, and his defense attorney was not subject to suit under § 1983. *Id.* at 3.

On April 8, 2026, the Court received a letter from Plaintiff regarding the Order to Show Cause. Dkt. 5. Though the letter lacks clarity, Plaintiff appears to direct the Court to his original complaint without addressing any of the deficiencies identified in the Court's Order to Show Cause. *See id.* As Plaintiff has not demonstrated that his intended claims are cognizable in this civil rights action, or that his intended Defendants are subject to suit herein, this action must be dismissed.

Plaintiff also requests in his letter that he be appointed an attorney so that he can move forward with this case. *Id.* However, there is no right to have counsel appointed in cases brought under § 1983. Under 28 U.S.C. § 1915(e)(1), the Court can request counsel to represent any person unable to afford counsel, but it may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. While Plaintiff

---

[1] The Supreme Court held in *Heck* that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489.

REPORT AND RECOMMENDATION
PAGE - 3

has struggled to articulate his claims *pro se*, the likelihood that he will succeed on the merits of his claims is remote given that he seeks to challenge the conduct of his defense attorney and the prosecutors in relation to his criminal proceedings, and these individuals are simply not viable Defendants in this civil rights action.  Plaintiff therefore has not identified exceptional circumstances warranting appointment of counsel.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint (Dkt. 3-1) and this action be dismissed with prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Court further recommends that Plaintiff's application to proceed *in forma pauperis* (Dkt. 3), and his request for appointment of counsel (Dkt. 5), be denied.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 15, 2026**.

DATED this 24th day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4